**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

| | |
|---|---|
| **JOSHUA GREGORY RICHARDSON,** ) | |
| ) | |
| **Movant,** ) | |
| **v.** ) | **Civil Action No. 2:18-01503** |
| ) | **Criminal Action No. 2:17-00148** |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court is Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody.[1] (Document No. 49.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 50.)

**FACTUAL BACKGROUND**

1. **Criminal Action No. 2:17-00148:**

On February 22, 2018, Movant pled guilty to a single count Indictment charging him with conspiracy to distribute a quantity of methamphetamine in violation of 21 U.S.C. § 846. (Criminal Action No. 2:17-00148, Document Nos. 29, 30, 31.) A Presentence Investigation Report was prepared. (Id., Document No. 47.) The District Court determined that Movant had a Base Offense Level of 26, and a Total Offense Level of 23, the Court having applied a three-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a) and (b). (Id., Document No. 47, pp.

---

[1] Because Movant is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

12 and 13 and Document No. 45.) The District Court sentenced Movant on July 19, 2018, to serve a 71-month term of incarceration to be followed by a three-year term of supervised release. (Id., Document Nos. 43 and 44.) The District Court also imposed a $100 special assessment. (Id.) Movant did not appeal his conviction or sentence to the Fourth Circuit Court of Appeals.

**2.    Section 2255 Motion:**

On December 11, 2018, Movant, acting *pro se*, filed his instant Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Civil No. 2:18-001503, Document No. 49.) As grounds for *habeas* relief, Movant alleges ineffective assistance of counsel. (Id.) First, Movant argues that "[c]ounsel's failure to secure the Ohio State Trooper's DVD and move for suppression of evidence illegally obtained from a warrantless search which violates the Sixth Amendment right to effective counsel and the panoply of due process." (Id., pp. 5 – 6.) Movant states that despite his requests that counsel obtain the dash cam video from the traffic stop in Ohio, counsel failed to do so. (Id., pp. 2 and 5 - 6.) Movant contends that he repeatedly advised counsel that he wished to file a motion to suppress arguing there was a lack of probable cause to support the traffic stop. (Id.) Movant further states that counsel incorrectly represented to Movant that the dash cam video was not recoverable. (Id.) Movant, however, argues that the foregoing is defied by Movant's current possession of the video. (Id.) Movant argues that "had counsel reviewed the Ohio State Patrol DVD, the evidence obtained from the illegal search would have been excluded with the request for a suppression hearing." (Id., p. 3.) Movant states that the DVD reveals that the Ohio State Trooper conducted a traffic stop on a "fictitious marked lanes violation." (Id., p. 5.) Movant argues that he was prejudiced by counsel's failure. (Id., p. 6.) Movant claims that the "granting of [his] motion to suppress would have suppressed the only tangible evidence of the case and allowed a complete defense to be entered on Della Barker's false

2

statements – extremely sound strategy." (Id.)

Second, Movant argues that defense counsel acted ineffectively in failing to suppress Della Barker's statements. (Id., pp. 6 – 9.) Movant contends that "Della Barker initially denied knowing [Movant] where she later changed her story in an effort to obtain a more favorable plea where counsel failed to suppress her statements." (Id.) Movant asserts that counsel "failed to raise the issue based upon the false statements given before the grand jury." (Id.)

Third, Movant argues that he was "denied effectiveness of counsel where his plea could not have been entered into on a knowing and intelligent basis." (Id., pp. 9 – 10.) Movant claims that "[c]ounsel did not serve as an effective advocate for his client where obvious errors of law should have been apparent." (Id., p. 9.) Movant argues that he was clearly denied his right to effective assistance of counsel "where a warrantless search and false testimony before the grand jury should have been rigorously pursued." (Id.)

As Exhibits, Movant attaches the following: (1) A copy of Movant's Affidavit (Id., pp. 12 – 14.); (2) A copy of the Ohio State Patrol's dash cam video (Id., pp. 15 – 17.); (3) A copy of Ohio State Highway Patrol's "Report of Investigation, Investigative Notes" concerning the incident (traffic stop) occurring on December 20, 2016 (Id., pp. 18 – 19.); (4) A copy of "batch reports" (Id., pp. 20 – 21.); (5) A copy of e-mails to Movant from Rich B. dated November 2, 2018, regarding the subjects of "controlled," "traffic stop," "search of residence," and "interview" (Id., pp. 22 – 25.); (6) A copy of a letter from Movant to Attorney James Banks dated October 1, 2018 (Id., pp. 26 – 27.); (7) A copy of a letter from Attorney Banks to Movant post marked October 11, 2018 (Id., pp. 28 – 33.); (8) A copy of a letter from Movant to Attorney Banks regarding Movant's filing of a *pro se* Section 2255 Motion (Id., pp. 34 – 35.); and (9) A copy of Movant's reply letter to Attorney Banks dated November 24, 2018 (Id., pp. 36 – 37.).

By Order entered on December 13, 2018, the undersigned directed the United States to file an Answer. (Id., Document No. 52). On February 12, 2019, the United States filed its Response to Movant's Section 2255 Motion. (Id., Document No. 55.) First, the United States argues that Movant's claim of ineffective assistance of counsel based upon Ms. Barker's statement is without merit. (Id., pp. 5 – 6.) The United States explains that Ms. Barker's confession was never introduced at trial because there was no trial. (Id., p. 5.) Thus, the United States contends that Movant cannot establish prejudice. (Id., p. 6.) Second, United States asserts that Movant's ineffective assistance of counsel claim based upon the traffic stop is "an effort to do an 'end run' around his knowing plea and appeal waiver." (Id.) The United States notes that during the plea colloquy Movant stated under oath that he was satisfied with counsel. (Id., pp. 6 – 7.) The United States further states that the letter from defense counsel filed as an Exhibit by Movant demonstrates "the futility of any desired suppression motion with regard to the Ohio traffic stop." (Id., p. 7.) The United States explains that Movant pled guilty in Ironton Municipal court to the lane violation which led to the stop. (Id.) The United States argues that "even without the lane violation, and Defendant's subsequent guilty plea to that violation, officers had reasonable suspicion to stop Defendant for participating in a drug transaction with Barker." (Id.) The United States states that the Fourth Amendment "permits brief investigative stops – such as the traffic stop in this case – when a law enforcement officer has 'a particularized and objective basis for suspecting the particular person stopped of criminal activity.'" (Id.) The United States explains that "[a]gents followed Defendant from Barker's residence into Ohio after observing him in what appeared to be a drug transaction." (Id., pp. 7 – 8.) The United States notes that once the stop was made, the officer had probable cause to detain Movant and search is vehicle based upon a positive indication by the drug dog. (Id.) Thus, the United States argues that Movant cannot establish prejudice by

4

counsel's alleged ineffectiveness. (Id.)

On February 27, 2019, Movant filed his Reply to the United States' Response. (Document No. 57.) First, Movant continues to argue that trial counsel was ineffective in failing to suppress Ms. Barker's statement. (Id., pp. 1 – 2.) Movant argues that Ms. Barker gave inconsistent statements and his indictment should have been quashed. (Id., p. 2.) Movant argues that "Della Barker's lack of truthfulness is not magically cured because the Government decides that they may use her as a witness." (Id.) Movant argues that Ms. Barker "had an even greater motivation to change her story (weeks later) because she faced serious consequences for the spectrum of narcotics she was actually caught with, here such has nothing to do with this [Movant]." (Id.) Movant argues that "the Officer's testimony would clearly impeach Ms. Barker." (Id.) Movant further states that he does not challenge the introduction at trial of Ms. Barker's out-of-court confession, but "counsel's failure to suppress Della Barker's statement ab initio in conjunction with a warrantless search and seizure." (Id.) Movant states that this "entire cause of action revolves around counsel's failure to suppress the evidence in this case and notify the Court of Ms. Barker's lies." (Id.) Second, Movant continues to argue that trial counsel was ineffective in failing to file a motion to suppress based on the alleged improper traffic stop. (Id., pp. 2 – 3.) Movant argues that the dash cam video reveals that Movant never committed a lane violation justifying the traffic stop. (Id.) Movant contends that the dash cam video is "corroborated by the Officer's admission that it was the phone call from the Metro Drug Unit of West Virginia that was the cause for surveillance – not swerving within the lanes." (Id.) Movant, therefore, contends that the Ohio State Trooper did not have probable cause to conduct a traffic stop. (Id.) Movant argues that "had counsel moved to suppress the evidence seized from the traffic stop (which Petitioner contends is in actuality evidence in his favor) there would not be any reason to maintain charges against this Petitioner."

5

(Id., p. 4.)

## **DISCUSSION**

The relevant portion of Section 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

A motion made pursuant to Section 2255 is a collateral attack on a conviction or sentence. To succeed on a Section 2255 motion, the movant must prove that "his sentence or conviction was imposed in violation of the Constitution or law of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack." 28 U.S.C. § 2255. "A motion collaterally attacking a petitioner's sentence brought pursuant to § 2255 requires the petitioner to establish his grounds by a preponderance of the evidence." Sutton v. United States, 2006 WL 36859, * 2 (E.D.Va. Jan. 4, 2006).

The filing of a Section 2255 motion does not supplant or obviate the need to file a direct appeal. Sunal v. Large, 332 U.S. 174, 67 S.Ct. 1588, 91 L.Ed. 1982 (1947). The United States Supreme Court explains that "a final judgment commands respect. For this reason, we have long and consistently affirmed that a collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165, 102 S.Ct. 1584, 1593, 71 L.Ed.2d 816 (1982). A non-constitutional claim that could have been, but was not, raised on direct appeal may not be raised for the first time in a Section 2255 motion. Stone v. Powell, 428 U.S. 465, 478 fn. 10, 96 S.Ct. 3037, 3044 fn. 10, 49 L.Ed.2d 1067 (1976). A constitutional claim that could have been, but was

6

not, raised on direct appeal may not be raised for the first time in a Section 2255 motion unless the movant can show either (1) "cause and actual prejudice resulting from the errors of which he complains," or (2) "he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack." United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1999). "The existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." Id. at 493. Actual prejudice is shown by demonstrating that the error worked to movant's "actual and substantial disadvantage," rather than just creating a possibility of prejudice. See Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997)(quoting Murray v. Carrier, 477 U.S. 478, 494, 106 S.Ct. 2639, 2648, 91 L.Ed.2d 397 (1986)). "In order to demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack, a movant must show actual innocence by clear and convincing evidence. Mikalajunas, 186 F.3d at 493. "Typically, to establish actual innocence, a petitioner must demonstrate actual factual innocence of the offense of conviction, i.e., that petitioner did not commit the crime of which he was convicted; this standard is not satisfied by a showing that a petitioner is legally, but not factually, innocent. Id. at 494. The movant must show that "it is more likely than not that no reasonable juror would have convicted him." Schlup v. Delo, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). Furthermore, a movant may not reassert a claim decided on direct review. In Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir.)(per curiam), cert. denied, 429 U.S. 863, 97 S.Ct. 169, 50 L.Ed.2d 142 (1976), the Court held that a defendant "will not be allowed to recast, under the guise of a collateral attack, questions fully considered [on appeal]." An exception exists, however, when there has been an intervening change in the law which justifies consideration of a prior determination. See Davis v. United States, 417 U.S. 333, 342, 94 S.Ct. 2298, 2303, 41 L.Ed.2d 109 (1974).

7

1.    **Ineffective Assistance of Counsel:**

Indigent criminal defendants have the constitutional right to effective assistance of counsel through direct appeal. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) When a movant claims ineffective assistance of counsel as a basis for seeking relief under Section 2255, the burden is on the movant to prove that his trial attorney failed to render effective assistance. Strickland v. Washington, 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984). In Strickland, the Court adopted a two-pronged test for determining whether a defendant received adequate assistance of counsel. Id. The first prong is competence. The movant must show that the representation fell below an objective standard of reasonableness. Strickland, 466 U.S. at 687 - 691, 104 S.Ct. at 2064 - 2066. There is a strong presumption that the conduct of counsel was in the wide range of what is considered reasonable professional assistance, and a reviewing Court must be highly deferential in scrutinizing the performance of counsel. Strickland, 466 U.S. at 688-89, 104 S.Ct. at 2065 - 2066.

> A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. . .. [C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

Strickland, 460 U.S. at 690, 104 S.Ct. at 2066. The Court will not second-guess an attorney's tactical decisions unless they appear unreasonable in view of all of the circumstances. Goodson v. United States, 564 F.2d 1071, 1072 (4th Cir. 1977). The second prong is prejudice. The movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694, 104 S.Ct. at 2068;

8

Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985). An attorney's mere mistake, ignorance or inadvertence does not suffice for proof of ineffective assistance. Murray v. Carrier, 477 U.S. 478, 106 S. Ct. 2639, 2645-46, 91 L.Ed.2d 397 (1986)("So long as a defendant is represented by counsel whose performance is not constitutionally ineffective under the standard established in Strickland v. Washington, . . . we discern no inequity in requiring him to bear the risk of attorney error that results in a procedural default.") The movant must therefore show (1) that his attorney's performance was constitutionally inadequate, i.e., that he committed errors so serious that his performance "fell below an objective standard of reasonableness" and (2) that his attorney's performance prejudiced him such that it rendered the proceeding fundamentally unfair or made the result unreliable. Strickland, 466 U.S. at 687 - 88, 104 S.Ct. at 2064 - 2065; Fitzgerald v. Thompson, 943 F.2d. 463 (4th Cir. 1991), cert. denied, 502 U.S. 1112, 112 S.Ct. 1219, 117 L.Ed.2d 456 (1992).

A.    **Counsel alleged ineffectiveness regarding involuntary and unknowing plea:**

First, Movant argues that his plea was involuntary and unknowing because he was "denied effectiveness of counsel." (Document No. 49, pp. 9 – 10.) Movant claims that defense counsel "did not serve as an effective advocate for his client where obvious errors of law should have been apparent" (Id., p. 9.) A guilty plea must be "a voluntary and intelligent choice among the alternative courses of action open to the defendant." North Carolina v. Alford, 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed. 2d 162 (1970). "It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." Once a criminal defendant has pled guilty, collateral review is limited to an examination of "whether the underlying plea was both counseled and voluntary." United States v. Broce, 488 U.S.

9

563, 569, 109 S. Ct. 757, 102 L.Ed.2d 927 (1989); see also Fields v. Attorney General of State of Md., 956 F.2d 1290, 1294 - 95 (4th Cir. 1992). A guilty plea will be deemed involuntary if it is entered without knowledge of material information withheld by the prosecution. See for example Sanchez v. United States, 50 F.3d 1448, 1453 (9th Cir. 1995)(A defendant challenging the voluntariness of a guilty plea may assert a claim under Brady that the prosecution withheld evidence favorable to the defendant and material to guilt or punishment when defendant requested it.).

Based upon a review of the record, the undersigned finds no evidence supporting Movant's claim that he was coerced into signing the plea agreement. Movant appears to complain that he only signed the plea agreement because defense counsel predicted Movant would be convicted if he proceeded to trial and would mostly likely receive a harsher sentence. First, the undersigned finds that counsel's act of advising Movant as to the possible consequences and potential sentencing exposure of not accepting the plea agreement is not a threat or coercion. If convicted on the charges contained in the Indictment, Movant faced a possible statutory sentence of 20 years. Although Movant faced the same possible statutory sentence after pleading guilty, Movant's Sentencing Guideline range was reduced by three-points for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a) and (b). With the three-point reduction, Movant's Guideline range was 57 - 71 months of imprisonment. Without the three-point reduction, Movant's Guideline range would have been 78 – 97 months of imprisonment. Thus, defense counsel's prediction of a possible harsher sentence was not a "threat."[2] Furthermore, the District Court thoroughly questioned

---

[2] The undersigned notes that the granting of a reduction for acceptance of responsibility was largely based on Movant's entry of a guilty plea in a timely manner and admitting the elements of his offense. (Document No. 47, pp. 12 -13.) It is very unlikely Movant would have received such a reduction had he proceeded to a jury trial. At sentencing, the District Judge sentenced Movant at

Movant during the Plea Hearing regarding whether his decision to plead guilty was voluntary. (Criminal Action No. 2:17-00148, Document No. 53, pp. 32 - 33.) Specifically, the District Court questioned Movant as follows:

| | |
|---|---|
| THE COURT: | Has anyone tried to force, coerce, intimidate, put pressure on you, or talk you into pleading guilty against your will? |
| THE DEFENDANT: | No, ma'am. |
| THE COURT: | Other than this plea agreement, has anyone made you any promises or told you anything different than what I've said to you to induce you to plead guilty? |
| THE DEFENDANT: | No, ma'am. |
| THE COURT: | Are you offering your plea voluntarily, Mr. Richardson, and of your own free will? |
| THE DEFENDANT: | Yes, I am. |
| THE COURT: | Is pleading guilty your own personal decision after consulting with your attorney, Mr. Banks? |
| THE DEFENDANT: | It is. |
| THE COURT: | And have your understood absolutely everything that I've said to you're here today? |
| THE DEFENDANT: | Yes, I have. |

(Id.) Movant further acknowledged that he was pleading guilty because he was in fact guilty of the charge. (Id., p. 15.)

Next, the record in this case reflects that Movant's guilty plea was voluntary and made with full knowledge of its consequences. The written plea agreement provided that "Mr.

---

the top of Guideline range. Assuming the District Judge would have maintained this practice had Movant been convicted following a jury trial, Movant would have faced a 97-month term of imprisonment - - more than two years longer than the sentence imposed following his guilty plea.

Richardson will plead guilty to a violation of 21 U.S.C. § 846, as charged in said indictment." (Criminal No. 2:17-00148, Document No. 31, p. 1.) The written plea agreement spelled out the maximum sentence to which Movant was subject by virtue of his plea. (<u>Id.</u>, pp. 1 – 2.) Specifically, the plea agreement stated that Movant faced a term of "imprisonment for a period of 20 years." (<u>Id.</u>) The plea agreement further stated at Paragraph 14 that "[t]he matter of sentencing is within the sole discretion of the Court." (<u>Id.</u>, p. 6.) During the Plea Hearing, the District Court questioned Movant as follows regarding sentencing:

THE COURT:    Do you also understand that you expose yourself to a maximum term of imprisonment of 20 years by pleading guilty?

THE DEFENDANT: Yes, ma'am.

\* \* \*

THE COURT:    All right. Have you discussed with Mr. Banks the application of the United States Sentencing Guidelines to your case?

THE DEFENDANT: Yes, ma'am.

THE COURT:    Do you understand that I will not be able to calculate or consider the applicable advisory guideline range in your case until after the probation office has prepared a Pre-Sentence Investigation Report, Mr. Richardson, and until after both you can the Government have had the opportunity to challenge the facts contained in that report?

THE DEFENDANT: Yes, ma'am.

\* \* \*

THE COURT:    All right. The sentence I impose may be different than any estimate that Mr. Banks may have given to you. Do you understand that also?

THE DEFENDANT: Yes, ma'am.

12

(<u>Id.</u>, pp. 23 – 25.) Nothing in the record indicates that Movant's plea was unknowing, involuntary, or that trial counsel threatened or coerced Movant into pleading guilty. Based on the foregoing, the undersigned finds Movant's allegation that his plea was unknowing or involuntarily due to ineffective assistance of counsel is without merit.

      **B.**     **Counsels' alleged ineffectiveness regarding pretrial motions:**

In his Section 2255 Motion, Movant argues that defense counsel was ineffective regarding his failure to file a motion to suppress. (Civil Action No. 2:18-01503, Document No. 49.) Specifically, Movant states that defense counsel was ineffective in failing to request the suppression of evidence obtained during the improper traffic stop and Ms. Baker's "false statements." (<u>Id.</u>) A review of the transcripts from the Plea Hearing reveals that the District Court thoroughly reviewed the terms of the plea agreement and questioned Movant concerning his satisfaction with counsel. (Criminal No. 2:17-00148, Document No. 53, pp. 4 - 12.) Movant affirmed during the Plea Hearing that he was satisfied with representation from defense counsel. (<u>Id.</u>, p. 4.) The District Court further advised Movant that by pleading guilty, Movant was waiving certain rights. (<u>Id.</u>, pp. 29 – 31.) Specifically, the District Court inquired as follows:

| | |
|---|---|
| THE COURT: | And you and your lawyer would have had the right to confront and cross-examine your accusers or, in other words, to confront and cross examine each and every witness called by the Government and tested the truth of what each of those witnesses stated during your trial. Do you understand that? |
| THE DEFENDANT: | Yes, ma'am. |
| THE COURT: | Mr. Richardson, you give up both of those rights by pleading guilty here today. Do you understand that? |
| THE DEFENDANT: | Yes, ma'am. |

| | |
|---|---|
| THE COURT: | The right to call witnesses and the right to confront and cross-examine your accusers. |
| | Do you also understand that you would have had the right to move to suppress or to keep away from the jury's hearing and its consideration any evidence of any nature that had been illegally or unlawfully obtained? |
| THE DEFENDANT: | Yes, ma'am. |
| THE COURT: | Does that make sense to you? |
| THE DEFENDANT: | Yes, I - - yes, I understand. |
| THE COURT: | And that is yet another right that you waive and give up by pleading guilty. Do you understand that? |
| THE DEFENDANT: | Yes, ma'am. |

* * *

| | |
|---|---|
| THE COURT: | All right. I find, given your response, that you understand the constitutional and other legal rights you will be waiving and giving up by pleading guilty. |
| | Knowing everything that I've said to you, is it still your desire to plead guilty? |
| THE DEFENDANT: | Yes, ma'am. |

(Id., pp. 30 - 32.) "[I]n the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." United States v. Lemaster, 403 F.3d 216, 221 - 222 (4th Cir. 2005). The undersigned finds that Movant's self-serving statement that counsel refused Movant's request to file a motion to suppress is insufficient to constitute such extraordinary circumstances.

14

Furthermore, "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." <u>Strickland</u>, 466 U.S. at 690, 104 S.Ct. at 2065. It is well recognized that classic tactical decisions may be made *without* a defendant's consent. <u>See</u> <u>Sexton v. French</u>, 163 F.3d 874, 885 (4th Cir. 1998)(emphasis added). Specifically, "[d]ecisions that may be made without the defendant's consent 'primarily involve trial strategy and tactics,' such as 'what evidence should be introduced, what stipulations should be made, what objections should be raised, and what pre-trial motions should be filed." <u>Id.</u>(citing <u>United States v. Teague</u>, 953 F.2d 1525, 1531 (11th Cir. 1992)).

### *i.    Traffic Stop:*

First, the undersigned will consider Movant's claim that defense counsel acted ineffectively in failing to file a motion to suppress based upon the alleged improper traffic stop. Movant contends that if defense counsel would have conducted an adequate investigation and obtained a copy of the Ohio State Trooper's dash cam video, such would have revealed the traffic stop was improper and evidence seized would have been suppressed. Movant states that the basis for the traffic stop was a "fictitious marked lanes violation." Movant, however, contends that the dash cam video reveals there was no lane violation on the part of Movant. The undersigned finds that Movant can neither establish that counsel was unreasonable in his failure to file a motion to suppress based on the alleged improper traffic stop, nor that Movant was prejudice by such. The undisputed record reveals that Movant pled guilty to the lane violation and paid the fine in the Ironton Municipal Court in Ohio. (Civil Action No. 2:18-01503, Document No. 49, pp. 29 – 30.) Since Movant was convicted in Ohio of the lane violation, any argument by counsel that the lane violation did not constitute probable cause for the traffic stop would have been without merit. Counsel cannot be determined ineffective for failing to argue meritless claims. <u>See</u> <u>United States</u>

v. Kilmer, 167 F.3d 889, 893 (5th Cir. 1999)(stating that "[a]n attorney's failure to raise a meritless argument . . . cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue"); Moore v. United States, 934 F.Supp. 724, 731 (E.D.Va. 1996)(holding that "there can be no claim of ineffective assistance where, as here, counsel is alleged to have failed to raise a meritless argument"). Movant further asserts that the Ohio State Trooper acknowledged that he had been in contact with the Metropolitan Drug Enforcement Network Team from West Virginia. Movant, therefore, argues that the Ohio State Trooper improperly used the "fictious marked lane violation" as a basis for the traffic stop. The United States Supreme Court, however, has held that "[t]he temporary detention of a motorist upon probable cause to believe that he has violated the traffic laws does not violate the Fourth Amendment's prohibition against unreasonable seizures, even if a reasonable officer would not have stopped the motorist absent some additional law enforcement objective." Whren v. United States, 517 U.S. 806, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996).

Even assuming the Ohio State Trooper lacked probable cause based upon a lane violation, the Ohio State Trooper had reasonable suspicion to conduct a traffic stop. The Supreme Court has made clear that "in the context of traffic stops . . . an investigatory stop 'is permissible under the Fourth Amendment if supported by reasonable suspicion' that criminal activity may be afoot." United States v. Stacks, 571 Fed.Appx. 163, 169 (4th Cir. 2014)(citing Ornelas v. United States, 517 U.S. 690, 693, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996)). In the instant case, the Ohio State Trooper had reasonable suspicion to conduct an investigatory stop. The record reveal Ms. Barker and Movant had an arrangement where Movant would front Ms. Barker drugs and she would then sell the drugs, pay Movant what was owed to him, and keep her portion of the profits. (Criminal Action No. 2:17-00148, Document No. 47, pp. 6 – 7.) On December 20, 2016, the Metropolitan

16

Drug Enforcement Network Team ["MDENT"] conducted a controlled drug buy from Ms. Barker using marked bills. (Id.) The "controlled buy" was audio and video recorded. (Id.) As the confidential informant was leaving the residence, another vehicle driven by Movant pulled up to Ms. Barker's residence. (Id.) The MDENT observed Movant exit the vehicle, enter Ms. Barker's residence, and exit the residence a few minutes later. (Id.) The MDENT followed Movant until he crossed into Ohio. (Id.) The MDENT contacted the Ohio Highway Patrol, and Trooper Byron Hayes took over surveillance of the vehicle and a traffic stop was conducted. (Id.) The foregoing supports reasonable suspicion for an investigatory stop. Based upon the foregoing, the undersigned respectfully recommends that Movant's above ineffective assistance of counsel claim be denied.

### ii.    *Co-Conspirator's Statement:*

Second, Movant argues that defense counsel was ineffective in failing to file a motion to suppress concerning Ms. Barker's statements. (Civil Action No. 2:18-01503, Document No. 49, pp. 6 – 9.) Movant contends that "Della Barker initially denied knowing [Movant] where she later changed her story in an effort to obtain a more favorable plea where counsel failed to suppress her statements." (Id.) Movant asserts that counsel "failed to raise the issue based upon the false statements given before the grand jury." (Id.) Citing Fiswick v. United States, 329 U.S. 211 (1946) and Krulewitch v. United States, 366 U.S. 490 (1949), Movant argues that Ms. Barker's out-of-court statement was inadmissible because such was not made in the furtherance of the conspiracy. (Id.) Thus, Movant argues that Ms. Barker's statement constituted inadmissible hearsay that was not subject to the co-conspirator exception to the hearsay rule under Rule 801(d)(2)(E) of the Federal Rules of Evidence. Under Rule 801(d)(2)(E), "a statement of the defendant's co-conspirator is admissible against the defendant if it was made during the course of and in furtherance of the conspiracy." United States v. Shores, 33 F.3d 438, 442 (4th Cir. 1994)(internal

quotations marks omitted). A co-conspirator's statements are admissible if the Court finds the following: (1) "[T]he defendant and the declarant were involved in a conspiracy with each other at the time the statement was made"; and (2) "The statement was made in furtherance of the conspiracy." Id.; also see Krulewitch v. United States, 336 U.S. 440, 442, 69 S.Ct. 716, 93 L.Ed. 790 (1949)(finding that an out-of-court statement of one conspirator may be admitted against his fellow conspirator only if the statements were "made pursuant to and in furtherance of objectives of the conspiracy charged."); Fiswick v. United States, 329 U.S. 211, 67 S.Ct. 224, 91 L.Ed. 196 (1946)(A conspirator's statement, made after his arrest, is not admissible against his co-conspirators because it is not made in furtherance of the conspiracy); United States v. Pratt, 239 F.3d 640, 644 (4th Cir. 2001)(error to admit recorded conversations initiated by cooperating co-conspirators because they were not statements made in furtherance of the conspiracy). To the extent Movant is arguing that defense counsel was ineffective in failing to file a motion to suppress as to Ms. Barker's statement concerning its admissibility at trial, Movant's claim is without merit. First, the undersigned finds that Ms. Barker's statement was not admitted at trial because Movant pled guilty. Further, there is no indication that the Government intended to present Ms. Barker's statement during trial or that defense counsel would not have objected had such occurred.

　　To the extent Movant is arguing that defense counsel was ineffective in failing to challenge the use of Ms. Barker's statement during grand jury proceedings, Movant's claim is also without merit. Movant contends that Ms. Barker's statement was improperly presented as evidence before the grand jury. Movant, therefore, argues that defense counsel was ineffective in failing to challenge the use of Ms. Barker's statement during the grand jury proceedings that resulted in his indictment. Movant's argument, however, is without merit. Although "the Fifth Amendment requires prosecutions for capital or otherwise infamous crimes be instituted by presentments or

indictments of grand juries, . . . neither the Fifth Amendment nor any other constitutional provision prescribes the kind of evidence upon which grand juries must act." <u>Costello v. United States</u>, 350 U.S. 359, 361, 76 S.Ct. 406, 407, 100 L.Ed. 397 (1956). In <u>Costello</u>, the United States Supreme Court held that a defendant could be required to stand trial and a conviction sustained even though only hearsay evidence was presented to the grand jury to indictment him. <u>Id.</u> The Supreme Court explained as follows:

> Petitioner urges that this Court should exercise its power to supervise the administration of justice in federal courts and establish a rule permitting defendants to challenge indictments on the ground that they are not supported by adequate or competent evidence. No persuasive reasons are advanced for establishing such a rule. It would run counter to the whole history of the grand jury institution, in which laymen conduct their inquires unfettered by technical rules. Neither justice nor the concept of a fair trial requires such a change. In a trial on the merits, defendants are entitled to a strict observance of all the rules designed to bring about a fair verdict. Defendants are not entitled, however, to a rule which would result in interminable delay but add nothing to the assurance of a fair trial.

<u>Id.</u>, 350 U.S. at 363-63, 76 S.Ct. at 409. Further, "[a] district court may not dismiss an otherwise valid indictment because the Government failed to disclose to the grand jury 'substantial exculpatory evidence' in its possession." <u>United States v. Williams</u>, 504 U.S. 36, 112 S.Ct. 1735, 1736, 118 L.Ed.2d 352 (1992). Finally, the Supreme Court stated that "motions to quash indictments based upon the sufficiency of evidence relied upon by the grand jury have never been allowed, and it would make little sense to abstain from reviewing the evidentiary support for the grand jury's judgment while scrutinizing the sufficiency of the prosecutor's presentation." <u>Id.</u>, 504 U.S. at 37, 112 S.Ct. at 1737. Thus, a challenge to the presentment of Ms. Barker's statement to the grand jury would have been meritless and defense counsel cannot be determined ineffective for failing to argue meritless claims.[3] <u>See</u> <u>Kilmer</u>, 167 F.3d at 893; <u>Moore</u>, 934 F.Supp. at 731.

---

[3] Movant argues that Ms. Barker's initial statement was inconsistent with her subsequent statement. If Movant would have proceeded to trial and Ms. Barker would have been presented as a witness,

19

Based upon the foregoing, Movant can neither establish that defense counsel was unreasonable in his failure to challenge the use of Ms. Barker's statement in grand jury proceeding, nor that he was prejudiced by such. The undersigned, therefore, respectfully recommends that Movant's above claim be dismissed.

**2.      Actual Innocence:**

Finally, Movant argues that he "can now prove his actual innocence" based upon the discovery of the dash cam video. (Civil Action No. 2:18-01503, Document No. 49, p. 10.) "Actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar [or] expiration of the AEDPA statute of limitations." McQuiggin v. Perkins, ___ U.S. ___, 133 S.Ct. 1924, 1926, 185 L.Ed.2d 1019 (2013). A prisoner "asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" House v. Bell, 547 U.S.518, 536-37, 126 S.Ct. 2064, 165 L.Ed.2d 1 (2006)(quoting Schlup v. Delo, 513 U.S. 298, 327, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995)). "[T] o establish actual innocence, a petitioner must demonstrate actual factual innocence of the offense of conviction, i.e., that petitioner did not commit the crime of which he was convicted; this standard is not satisfied by a showing that a petitioner is legally, but not factually, innocent. Mikalajunas, 186 F.3d at 494. The movant must show that "it is more likely than not that no reasonable juror would have convicted him." Schlup v. Delo, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). An actual innocence claim "requires [a] petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts,

---

Movant could have attempted to impeach Ms. Barker using her prior inconsistent statement. As stated above, Movant decided to plead guilty and waived his right to confront or cross-examine witnesses.

or critical physical evidence – that was not presented at trial." <u>Schlup</u>, 513 U.S. at 324, 115 S.Ct. at 865; <u>also see</u> <u>McQuiggin</u>, 133 S.Ct. at 1936(finding that the *Schlup* standard is demanding and requires strong evidence of actual innocence).

In the instant case, Movant has not presented any new and reliable evidence of his actual innocence. Movant argue that he is actually innocent based upon the dash cam video, which he contends proves Movant did not commit a lane violation prior to the Ohio traffic stop. This new evidence, however, does not establish Movant's actual factual innocence of the offense of conviction (conspiracy to distribute a quantity of methamphetamine). Furthermore, Movant verified during the Plea Hearing that he was pleading guilty because he was guilty of the charge. (Criminal Action No. 2:17-00148, Document No. 53, p. 15.) Additionally, Movant admitted to selling methamphetamine to Ms. Barker during the Rule 11 colloquy and in the "Stipulation of Facts" contained in the Plea Agreement. (<u>Id.</u>, Document No. 53, pp. 15 -17 and Document No. 31, pp. 9 – 11.) Accordingly, Movant's claim of actual innocence is without merit.

## **<u>PROPOSAL AND RECOMMENDATION</u>**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** Movant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Document No. 49) and **REMOVE** this matter from the Court's docket.

Movant is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28,

United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Movant and counsel of record.

Date: July 8, 2019.

Omar J. Aboulhosn
United States Magistrate Judge